## JONES *v.* THE STATE.

On a trial for murder, the instruction on the subject of the jury's recommendation, in the event they found the accused guilty, that the punishment be imprisonment for life, was not erroneous for the alleged reason that the court failed to charge explicitly, in the same connection, that such recommendation, if made, would be binding on the court.

No. 2724. APRIL 14, 1922.

Indictment for murder. Before Judge Meldrim. Chatham superior·court. June 21, 1921.

*H. Mercer Jordan,* for plaintiff in error.

*George M. Napier, attorney-general, Walter C. Hartridge, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

FISH, C.· J. Frank Jones was convicted of the murder of Beatrice Edwards by unlawfully and maliciously shooting and killing her with a pistol. He excepted to the overruling of his motion for new trial. In the brief filed by his counsel in this court it is stated: " The only ground of the motion for new trial, which we shall contend that a new trial should be given on, is on the sixth ground of the amended motion for a new trial, which is an exception to the judge's charge." The sixth ground of the amendment to the motion assigns error upon the following instruction to the jury: " If you find that he is guilty, the form of your verdict will be, 'We, the jury, find the prisoner guilty,' which means guilty of murder. You could recommend, if you saw fit to do so, that he be confined in the penitentiary for life." The error assigned is, " that the court failed to charge the jury in connection therewith, that in the event they saw fit to recommend that the defendant be confined in the penitentiary for life, that said recommendation was binding upon the court. That the defendant was entitled to have this law charged fully, as, without said explicit instruction, the jury was not aware as to the force and effect to be given said recommendation."

The Penal Code (1910), § 63, declares: " The punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life in the following cases: If the jury trying the case shall so recommend," etc. Prior to giving the instruction as to the form of the verdict to which exception is made, the court had instructed the jury that " The punishment for murder shall be death, but may be confinement in the penitentiary

for life if you shall so recommend." The statute uses the language, " but may be confinement in the penitentiary for life, . . if the jury trying the case shall so recommend." In view of the language of the statute, and of the entire charge to the jury on the subject of their recommendation to life imprisonment if they should see fit to make it, it is not in the least likely that the jury understood that a recommendation to life imprisonment made by them would not be binding on the court.

The refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur.*